Filed 10/30/20  P. v. Lewis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONALD EUGENE LEWIS,<br><br>Defendant and Appellant. | F078514<br><br>(Kern Super. Ct. No. BF173316A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kevin Quade, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Donald Eugene Lewis was convicted of a felony and sentenced to prison. On appeal, he contends the court improperly ordered him to pay restitution fines, fees, and assessments without determining his ability to pay in violation of his constitutional right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We reject defendant's contention but will remand the matter for the court to modify and correct the abstract of judgment, and otherwise affirm.

## FACTS

On August 8, 2018, Kern County Probation Officers Ryan Pitts and Arturo Cervantes were driving their marked probation vehicle on Olive Tree Court and looking for a probationer with an active arrest warrant. The officers saw defendant in a motel parking lot, stopped him, and asked his name and whether he was on probation. Defendant correctly identified himself and said he was not on probation. Officer Pitts conducted a records check and determined defendant had an active warrant out for his arrest.

Officer Pitts searched defendant and found a black fixed-blade knife in his pocket. The knife was approximately six and three-quarters inches long, and a red bandana was wrapped around the handle. In another pocket, Pitts found a clear glass pipe with burn marks, that was consistent with the type used to smoke methamphetamine. When Pitts told defendant that he found the pipe, defendant said, "[Y]eah." Pitts asked when he had last smoked methamphetamine, and defendant said, "[Y]esterday."

## PROCEDURAL BACKGROUND

On November 5, 2018, an amended information was filed in the Superior Court of Kern County charging defendant with count 1, felony possession of a concealed dirk or dagger (Pen. Code, § 21310),[1] with two prior strike convictions (§§ 667, subds. (c)–(j),

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

1170.12, subds. (a)–(e)) and three prior prison term enhancements (§ 667.5, subd. (b)); and count 2, misdemeanor possession of narcotics paraphernalia (Health & Saf. Code, § 11364).

On November 5, 2018, defendant's jury trial began. On November 6, 2018, the jury convicted defendant of both counts. The court found one prior strike conviction allegation true, the second strike conviction was not true, and the three prior prison term enhancements true.

On December 6, 2018, the court denied defendant's motion to reduce count 1 to a misdemeanor and to dismiss the prior strike conviction.

The court denied probation and sentenced defendant to the upper term of three years, doubled to six years as the second strike term for count 1, with a concurrent term for count 2. The court dismissed the prior prison term enhancements pursuant to section 1385.

The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and suspended the probation revocation fine of $300 (§ 1202.45); and imposed a court operations assessment of $80 (§ 1465.8, subd. (a)(1)), and a court facilities assessment of $60 (Gov. Code, § 70373).

As to count 2, the court imposed a $50 criminal laboratory analysis fee plus a $155 penalty assessment (Health & Saf. Code, § 11372.5); and a $100 drug program fee plus a $310 penalty assessment (Health & Saf. Code, § 11372.7).

On December 10, 2018, defendant filed a notice of appeal.

## DISCUSSION

### I. Section 1237.2

On appeal, defendant contends the court failed to consider his ability to pay the restitution fine, fees, and assessments. In response, the People argue that his appeal must be dismissed because he failed to comply with section 1237.2.

Section 1237.2 states: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Defendant's sentencing hearing was held on December 6, 2018. *Dueñas* was decided in February 2019.

On or about October 25, 2019, appellate counsel wrote a letter to the superior court requesting consideration of his *Dueñas* objections to the restitution fine, fees, and assessments pursuant to section 1237.2.

According to defendant's reply brief, on November 25, 2019, the superior court issued a minute order that stated it would not take any action on his request.

Defendant has raised one issue on appeal – the court's imposition of the fines and fees. Assuming the trial court did not act on defendant's request, we have the ability to consider his claim since section 1237.2 merely requires that the defendant " 'first present[] the claim in the trial court,' " and he has complied with the statute. (See, e.g., *People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

## II.     The Court's Imposition of the Restitution Fine, Fees, and Assessments

On appeal, defendant contends the court improperly imposed the restitution fine, fees, and assessments without determining his ability to pay in violation of his due

process rights as stated in *Dueñas*. Defendant argues this court must either vacate the amounts imposed or remand the matter for an ability to pay hearing.[2]

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)

We disagree with the holding in *Dueñas* and find the matter need not be remanded on this issue. As we recently explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

Next, to the extent *Dueñas* applies to this case, defendant did not forfeit review of the issue. Section 1202.4, subdivisions (c) and (d) only permit a party to raise an ability to pay objection when the court imposes a restitution fine above the statutory minimum. The court imposed the minimum restitution fine of $300, and defendant lacked the statutory authority to object under the governing law at the time of his sentencing hearing. (Cf. *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.) In addition, the statutes that authorize the imposition of the court operations and facilities fees and assessments do not permit a defendant to make any kind of ability to pay objection. (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).)

---

[2] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

Even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless beyond a reasonable doubt since defendant has the ability to pay the fines and fees imposed in this case.  (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.]  This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.  [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)  There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job.  While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence.  (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

## III. The Abstract of Judgment

Defendant separately argues the abstract of judgment erroneously states the court imposed a crime prevention program fine of $615 pursuant to section 1202.5, that fine is

inapplicable to this case, and requests correction of the abstract. The People agree that fine does not apply to this case and it must be stricken from the abstract.

The People further request the abstract also must be corrected to itemize the penalty assessments that were imposed pursuant to Health and Safety Code sections 11372.5 and 11372.7.

We therefore remand the matter to the superior court to correct the abstract of judgment by striking the section 1202.5 fine and itemizing the penalty assessments.

## **DISPOSITION**

The matter is remanded for the superior court to modify the abstract of judgment by striking the Penal Code section 1202.5 fine of $615 and itemizing the penalty assessments imposed pursuant to Health and Safety Code sections 11372.5 and 11372.7. The trial court shall prepare and forward to all appropriate parties a certified copy of an amended abstract of judgment.

In all other respects, the judgment is affirmed.