Filed 2/17/21  P. v. Robinson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL RAY ROBINSON,<br><br>    Defendant and Appellant. | A159799<br><br>(Contra Costa County<br>Super. Ct. No. 5-172175-2) |

I.

Defendant Michael Ray Robinson pled no contest to one felony count of assault on a peace officer with a semiautomatic firearm (Pen. Code, § 245, subd. (d)(2))[1] and one felony count of assault with a firearm (§ 245, subd. (a)(2)); admitted a strike prior; and was sentenced to 16 years in state prison.

At sentencing, the trial court ordered appellant to pay a $4,800 restitution fine (§ 1202.4); a $40 court operations assessment (§ 1465.8); and a $30 conviction assessment (Gov. Code, § 70373).  A parole revocation fine (§ 1202.45) of $4,800 was imposed and stayed.  There was no objection at sentencing to the imposition of these fines and assessments.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Robinson timely filed a notice of appeal from his judgment of conviction on January 14, 2019. In that appeal, which is currently pending before this court in a separate docket (No. A156273), the sole issue raised is whether, under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the court erred by imposing fines and fees without considering Robinson's ability to pay.

On June 25, 2019, Robinson filed a motion in the trial court pursuant to section 1237.2 arguing that the court should vacate or stay the fines and fees imposed on him at sentencing pursuant to *Dueñas*. At a November 6, 2019 hearing on this motion, the trial court observed that the imposition of fines upon appellant without an ability-to-pay hearing was not harmless because, since Robinson is disabled (he has a prosthetic leg), "the amount of fines and fees assessments exceed the amount that [he] could likely earn over the course of his prison sentence." The court nonetheless denied the motion without prejudice, holding that it lacked jurisdiction under section 1170, subdivision (d) to recall the sentence.

This appeal followed.

## II.

Section 1237.2 is an exception to the rule that "the filing of a notice of appeal ordinarily divests the trial court of jurisdiction over the case." *(People v. Torres* (2020) 44 Cal.App.5th 1081, 1086.) The statute provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct

2

any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (§ 1237.2.)

"[A] primary purpose of section 1237.2 is to encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments, and fees that would otherwise be asserted on direct appeal . . . by giving trial courts the power to resolve such challenges notwithstanding the pending appeal." (*People v. Torres*, *supra*, 44 Cal.App.5th at p. 1087.) The trial court's jurisdiction to correct such errors under section 1237.2 is retained during the pendency of the defendant's direct appeal from his or her judgment of conviction. (*Torres*, at p. 1088.)

Another exception is found in section 1170, subdivision (d), which, where a defendant has been sentenced to imprisonment, "allows the [trial] court to recall a sentence within [120 days of the date of commitment to the custody of prison or jail officials, as the case may be], and then to resentence, for any reason that could influence the exercise of sentencing discretion generally . . . ." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 448.) This broad resentencing power survives the filing of a notice of appeal for only a brief period of time (120 days from the date of commitment to prison or jail), effectively preventing the trial court in most cases from using section 1170, subdivision (d)(1), to render an appeal moot. (See *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923 ["This rule protects the appellate court's jurisdiction by protecting the status quo so that an appeal is not rendered futile by alteration."].)

There is a key distinction between sections 1170, subdivision (d)(1) and section 1237.2. While section 1170, subdivision (d)(1) is limited in duration, which as a practical matter prevents the trial court from mooting the appeal by changing the sentence while an appeal is well under way, the trial court may act pursuant to section 1237.2 for the duration of a pending appeal. Just the opposite of section 1170, subdivision (d)(1), section 1237.2 is designed to render a concurrent appeal moot where the sole issue on appeal is the erroneous imposition or calculation of fines, which promotes efficiency.

Acknowledging the temporal breadth of a trial court's jurisdiction under section 1237.2, the Attorney General concedes that the trial court had jurisdiction to entertain Robinson's *Dueñas* motion in this case, despite the pendency of appeal No. A156273. From this undisputed premise, we conclude that the denial of the motion was an appealable order because it affected Robinson's substantial rights. (§ 1237, subd. (b); *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1140.) The Attorney General declines to take that logical step, arguing that the scope of the trial court's jurisdiction under section 1237.2 is limited to correction of computational errors or other minor errors in a sentence. Robinson "was not asking the court to 'correct minor errors in the sentence,' " the Attorney General contends. "Rather, he was attempting to raise an entirely new legal claim, i.e., that the trial court should have considered his ability to pay when it imposed fines and fees," an argument he has the ability to raise—and should be limited to raising—in appeal No. A156273.

We do not agree. "[S]ection 1237.2 broadly applies to an error in the *imposition or* calculation of fees. The plain language of the statute 'does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error.' [Citation.] Section 1237.2 applies any

4

time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court, and by the terms of the statute, the trial court retains jurisdiction pending appeal to correct any error." (*People v. Hall* (2019) 39 Cal.App.5th 502, 504, original italics.)

## DISPOSITION

Without intimating any view of the merits of Robinson's *Dueñas* motion, the order denying the motion is reversed and the cause is remanded for further proceedings.

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.