Filed 12/13/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SIMEON ALEXANDER,<br><br>    Defendant and Appellant. | B270019<br><br>(Los Angeles County<br>Super. Ct. No. MA066694)<br><br>ORDER DISMISSING APPEAL |

Simeon Alexander pled no contest on September 1, 2015, to forcible rape (count 1; Penal Code[1] § 261, subd. (a)(2)), kidnapping (count 3; § 207, subd. (a)), injuring a spouse, cohabitant, partner, or parent of child (count 4; § 273.5, subd. (a)), and attempted murder (count 6; § 664/187(a)). Pursuant to the plea agreement, additional charges for assault with intent to commit a felony (count 2; § 207) and criminal threats (count 5; § 422, subd. (a)) were dismissed along with sentencing enhancement allegations under section 667.61, subdivisions (b) and (e).

---

[1]    All further section references are to the Penal Code unless otherwise specified.

Alexander stipulated there was a factual basis for his plea pursuant to *People v. West* (1970) 3 Cal.3d 595. He waived his rights under *People v. Arbuckle* (1978) 22 Cal.3d 749 and *People v. Harvey* (1979) 25 Cal.3d 754. He also waived all county jail custody credits. The trial court accepted his plea, finding Alexander expressly and intelligently waived his rights and his plea was freely and voluntarily made with an understanding of the nature and consequences of it.

At the January 7, 2016 sentencing hearing, Alexander moved to withdraw his plea on the ground his medication rendered him incapable of understanding the consequences of his plea. The trial court denied the request to withdraw the plea, finding no good cause to do so. It then denied probation pursuant to the agreed-upon disposition and sentenced him to the high term of nine years in state prison for attempted murder plus consecutive terms of one-third the midterm for the remaining counts[2] for a total sentence of 13 years and eight months. The trial court also ordered the imposition of a $6,000 victim restitution fine to be paid to the state fund, a $6,000 parole revocation fine to be imposed and suspended, a $40 court security fee per count for a total of $160, and a $30 mandated facility assessment fee per count for a total of $120. Alexander filed a notice of appeal on February 3, 2016.

---

[2] As to count 1 for forcible rape, the court selected one-third the midterm of six years, which is two years. As to count 3 for kidnapping, the court selected one-third the midterm of 60 months, which is 20 months. As to count 4 for injuring a spouse, cohabitant, partner or parent of child, the trial court selected one-third the midterm of three years, which is one year.

On appeal, Alexander contends the trial court violated an implicit term of the plea agreement that the restitution fine would be the statutory minimum of $300 when it issued a $6,000 victim restitution fine instead. We find Alexander's appeal not cognizable under section 1237.2 and therefore, dismiss it.

Effective January 1, 2016, section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Alexander's sole issue on appeal is the purportedly erroneous imposition of a $6,000 victim restitution fee. Yet, he has made no claim of error to the trial court, either at the time of sentencing or after, as required by section 1237.2. Alexander argues that provision does not apply to his appeal because he is complaining of a violation of the plea bargain, not a miscalculation. We disagree. The plain language of section 1237.2 clearly makes a claim to the trial court a prerequisite to any appeal which solely involves "an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or

costs . . ."  (*See People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131 [statutory construction begins with "'the plain, commonsense meaning of the language used by the Legislature'"].)  Contrary to Alexander's interpretation, this language does not limit section 1237.2's reach only to situations where the fee simply did not apply at all or was a result of mathematical error.  The phrase "an error in the imposition . . . of . . . fees" includes an error involving the imposition of a higher than bargained for fee.

Accordingly, we dismiss Alexander's appeal filed February 3, 2016.  (*See People v. Clavel* (2002) 103 Cal.App.4th 516, 519 [in section 1237.1, a parallel provision requiring a motion to trial court to correct errors in presentence custody credits before an appeal is cognizable, dismissal is required where no motion to correct was made to the trial court].)

**CERTIFIED FOR PUBLICATION**

BIGELOW, P.J.

We concur:

RUBIN, J.

FLIER, J.

4