Filed 9/30/20  P. v. Morales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075200 |
| v. | (Super.Ct.No. RIF1603611) |
| JOSEPH WILLIAM MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge.

Dismissed.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A.     PROCEDURAL HISTORY

A jury found defendant and appellant Joseph William Morales guilty of second degree murder under Penal Code[1] section 187, subdivision (a); three counts of assault with a deadly weapon under section 245, subdivision (a)(1); and assault by means of force likely to produce great bodily injury under section 245, subdivision (a)(4). Additionally, the jury found true the allegation that defendant personally used a knife, a deadly and dangerous weapon, during the murder under sections 12022, subdivision (b)(1), and 1192.7, subdivision (c)(23).  Moreover, the trial court found true the allegations that defendant suffered two prior strike convictions under section 667, subdivisions (c) and (e)(2); and two prior convictions for which he served prison terms under section 667.5, subdivision (b).  The trial court sentenced defendant to a total term of 125 years to life.

On August 30, 2019, the probation department filed a report entitled "VICTIM RESTITUTION:  AMOUNT DETERMINED," pursuant to a court order for the probation department to determine victim restitution.  In the report, the probation department recommended that defendant pay victim restitution in the amount of $7,294.07 to the restitution fund.

On January 3, 2020, at the hearing on victim restitution, the trial court indicated that it had "read and considered the Ex-Parte Correspondence submitted by Probation re:

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

Victim Restitution Amount Determined." The court then granted the request and ordered defendant to pay $7,294.097 to the restitution fund under section 1202.4, subdivision (f)(2). No appearance was made by either party.

On June 4, 2020, defendant filed his notice of appeal. On July 6, 2020, defendant filed a request for judicial notice for this court to take judicial notice of the record in the prior appeal, case No. E072628. On July 14, 2020, we granted defendant's request.

B.     FACTUAL HISTORY[2]

The California Victim Compensation Board paid $7,294.07 to the family of the victim for funeral and burial expenses. On that basis, the probation department recommended that defendant pay victim restitution in the same amount to the restitution fund.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

1.     "Was the trial court authorized to order appellant to pay victim restitution to the Restitution Fund?"

---

[2] Because the court's order regarding victim restitution is the sole issue on appeal, the factual background contains only facts related to the victim restitution order.

2.     "Did the trial court err in ordering victim restitution in the amount of $7,294.07?"

3.     "Did the trial court violate appellant's due process rights by ordering restitution without providing appellant with notice and an opportunity to be heard, and is any such error harmless?"

4.     "Did the trial court violate appellant's constitutional and statutory rights by ordering victim restitution without appellant's presence, and final is any such error harmless?"

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. We find defendant's appeal not cognizable under section 1237.2 and therefore, dismiss it.

Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing."

In this case, as provided *ante*, the sole issue on appeal is the purportedly erroneous imposition of a $7,294.07 restitution fee. Defendant, however, has made no claim of error to the trial court. We recognize defendant was not present when the restitution order was imposed; hence, he could not object at that time. However, after discovering the alleged error, defendant did not make a motion in the trial court. In *People v.*

4

*Alexander* (2016) 6 Cal.App.5th 798, the defendant appealed from the trial court's imposition of a $6,000 victim restitution fine to be paid to the state fund. (*Id.* at p. 799.) Because the defendant "made no claim of error to the trial court, either at the time of sentencing or after, as required by section 1237.2," the court dismissed the appeal. (*Id.* at p. 801.) The court noted that "[t]he plain language of section 1237.2 clearly makes a claim to the trial court a prerequisite to any appeal which solely involves 'an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs.' " (*Ibid.*) We agree with *Alexander*.

Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

5