Filed 10/21/20  P. v. Orona CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDIE ORONA,<br><br>    Defendant and Appellant. | 2d Crim. No. B300832<br>(Super. Ct. No. BA474855)<br>(Los Angeles County) |

Eddie Orona appeals his conviction, by jury, of assault with a deadly weapon.  (Pen. Code, §245, subd. (a)(1).)[1] The trial court sentenced appellant to a term of six years in state prison and ordered him to pay a restitution fine of $300 (§1202.4), court operations assessment of $40 (§1465.8), and a conviction assessment of $30.  (Gov. Code, §70373.)  Appellant contends he received ineffective assistance of counsel at sentencing because counsel did not ask the trial court to strike the fines and fees

_____

[1] All further statutory references are to the Penal Code unless otherwise noted.

based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Respondent contends the appeal should be dismissed under 1237.2. We agree and dismiss the appeal.

FACTS

Appellant had an angry confrontation with a cashier at a Los Angeles gas station after he was asked to leave the premises. During the incident, appellant threw a cup of coffee at the cashier, splashing hot coffee on him. Appellant also swung a sharp kitchen knife at the cashier. Although the knife left a small scratch on the cashier's skin, he was not seriously injured. Appellant was arrested about two weeks later. A search of his van yielded the knife, but no other contraband.

DISCUSSION

At sentencing, appellant's trial counsel did not object to the trial court's imposition of $370 in restitution fines and other fees, nor did counsel request a hearing on appellant's ability to pay the assessments. Appellant contends he received ineffective assistance of counsel because trial counsel failed to raise those issues, even though his sentencing occurred about seven months after *Dueñas*, *supra*, 30 Cal.App.5th 1157 was decided. Respondent contends the appeal should be dismissed because appellant has not filed a motion in the trial court to correct the sentence.

Section 1237.2 provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may

be made informally in writing." (*Ibid*.)  The statute applies only where, as here, "the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (*Ibid*.)

Section 1237.2 requires appellant to exhaust available remedies in the trial court before challenging the imposition of fees and fines on appeal.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1086; *People v. Alexander* (2016) 6 Cal.App.5th 798, 801.) Appellant did not make a *Dueñas* claim at the time of sentencing and has not filed a motion for correction in the trial court.  His appeal must, therefore, be dismissed.

CONCLUSION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

3

Drew E. Edwards, Judge

Superior Court County of Los Angeles

_____

Elizabeth H. Eng, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.