Filed 10/28/20  P. v. Menjivar CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301203 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA074163 |
| ISRAEL DeJESUS MENJIVAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Dismissed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Michael Keller and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Israel DeJesus Menjivar of dissuading a witness—a felony—and two misdemeanors: battery on a spouse and contempt of court for violating a domestic violence protective order. On appeal, Menjivar contends the trial court violated his due process rights by imposing a restitution fine and court fees without assessing his ability to pay them. Because the issue is not properly before us, we dismiss the appeal.

## DISCUSSION

### *Defense counsel failed to comply with Penal Code section 1237.2*

At sentencing, the trial court imposed a restitution fine of $300 as well as court operations and conviction assessments of $40 and $30 per count, respectively, for a total of $210 in fees. The court imposed and stayed a parole revocation restitution fine of $300.[1] Neither Menjivar nor his attorney objected to the restitution fine or the court assessments or asserted any inability to pay.

Menjivar's sole contention on appeal is that the trial court violated his constitutional rights by not conducting an ability-to-pay hearing on the restitution fine and court assessments, and his counsel's failure to object constituted ineffective assistance of counsel. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Menjivar asks us to remand the case for an ability-to-pay hearing. But, because counsel has not complied with Penal Code section 1237.2,[2] that request is not cognizable in this appeal.

Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground

---

[1] Menjivar agreed to pay $300 in actual victim restitution and waived his right to a hearing.

[2] References to statutes are to the Penal Code.

of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing." (See also *People v. Alexander* (2016) 6 Cal.App.5th 798, 801; *People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

That prerequisite does not apply when the appeal also presents other issues. (§ 1237.2.) But this is not such a case. Accordingly, Menjivar's challenge to the trial court's imposition of the restitution fine and court fees must be dismissed without prejudice to any right he has to seek relief in the trial court.

## DISPOSITION

We dismiss Israel DeJesus Menjivar's appeal. Menjivar's motion to stay the appeal is denied.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

LAVIN, Acting P. J.                    DHANIDINA, J.

3