Filed 3/1/21  P. v. Adams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KELVIN DEXTER ADAMS,<br><br>        Defendant and Appellant. | C087715<br><br>(Super. Ct. No. 16FE021839) |

A jury found defendant Kelvin Dexter Adams guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a))[1] and vandalism with damages exceeding $400 (§ 594, subd. (a)).  At sentencing, the court suspended imposition of sentence, placed defendant on probation for five years, and ordered him to serve 240 days in jail.  The court also imposed various fines and fees.

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant challenges the imposition of fines, fees, and assessments, contending that the trial court improperly imposed fines and fees without determining his ability to pay them, violating his rights under due process, equal protection, and the Eighth Amendment prohibition against excessive fines. Because defendant has not first requested relief from the trial court, we dismiss his appeal.

## FACTUAL AND PROCEDURAL HISTORY

Due to the limited nature of the claim on appeal, we need not recite the facts of defendant's crimes in detail. It suffices to say a jury convicted defendant of hitting a romantic rival, Hill, with a hammer, smashing Hill's truck in a trucking company's parking lot, and breaking the parking lot's gate when he drove through it after the assault. At sentencing, the court imposed an $80 court security fee pursuant to section 1465.8, a $60 court facility fee pursuant to Government Code section 70373, a $10 crime prevention fine pursuant to section 1202.5, and a $300 restitution fine pursuant to 1202.4, subdivision (b). The court also imposed but stayed a $300 probation revocation fine pursuant to section 1202.44. Following a restitution hearing, the court also ordered defendant to pay direct victim restitution to Hill as well as the trucking company.

Defendant concedes he did not object to the fines and fees at the time of sentencing. Defendant also did not bring this issue to the attention of the trial court at any point after sentencing.

## DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues imposition of the following fines and fees violated his constitutional rights because the trial court did not determine his ability to pay before imposing them. He asks this court to vacate his assessments and fees, stay his $300 restitution, and remand his case back to the trial court for an ability to pay hearing.

Neither party addresses section 1237.2, which is dispositive here. Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction

on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Defendant made no claim of error to the trial court, either at the time of sentencing or subsequent thereto, as required by section 1237.2.  "The plain language of section 1237.2 clearly makes a claim to the trial court a prerequisite to any appeal which solely involves 'an error in the *imposition* or calculation of fines, penalty assessments, surcharges, fees, or costs . . . .'  [Citation.]"  (*People v. Alexander* (2016) 6 Cal.App.5th 798, 801, italics added.)  "[T]his language does not limit section 1237.2's reach only to situations where the fee simply did not apply at all or was a result of mathematical error."  (*Ibid.*)  Thus, section 1237.2 applies to defendant's *Dueñas* claim, defendant's only claim on appeal.

Accordingly, we dismiss the appeal.  (See *People v. Alexander, supra*, 6 Cal.App.5th at p. 801 [dismissing appeal pursuant to § 1237.2 where sole issue was an alleged error in imposing a restitution fine].)

## DISPOSITION

The appeal is dismissed.

/s/
HOCH, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MURRAY, J.