Filed 5/10/21  P. v. Tellez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>PEDRO HECHAVARRIA TELLEZ,<br><br>     Defendant and Appellant. | B306365<br><br>(Los Angeles County<br>Super. Ct. No. BA442143) |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Dismissed.

Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and Yun K. Lee, Deputy Attorney General for Plaintiff and Respondent.

_____

# INTRODUCTION

Pedro Hechavarria Tellez appeals from a postjudgment order denying his motion to vacate the restitution fine and (stayed) parole revocation fine imposed when the court originally sentenced him. Because the trial court lacked jurisdiction to hear Tellez's motion, and Tellez did not challenge the imposition of these fines in his prior appeal, we dismiss this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     *Tellez Appeals His Murder Conviction*

On December 11, 2018 a jury found Tellez guilty of second degree murder (Pen. Code, § 187, subd. (a)),[1] and on January 14, 2019 the trial court sentenced him to a prison term of 15 years to life, plus two one-year enhancements for having served two prior prison terms (§ 667.5, subd. (b)). The trial court also ordered Tellez to pay various fines and assessments, including a $5,000 restitution fine (§ 1202.4, subd. (b)), and imposed and stayed execution of a $5,000 parole revocation fine (§ 1202.45). In imposing these fines, the trial court stated, "He's healthy enough to work, and he'll be there for a while; so I'll find [he has the] ability to pay."

Tellez filed a notice of appeal on January 30, 2019 and an opening brief on December 2, 2019. In his opening brief Tellez argued the trial court erred in inadvertently failing to give the jury written copies of CALCRIM Nos. 358 and 359. Tellez also argued the trial court erred in imposing the two one-year

---

[1]     Statutory references are to the Penal Code.

enhancements because a recent amendment to section 667.5, subdivision (b), authorizes the court to impose the enhancement only where the defendant served a prior prison term for a sexually violent offense. Tellez stated in his opening brief the court ordered him to pay a $5,000 restitution fine, but he did not challenge the imposition of that fine or any other fine or assessment.

The People filed their respondent's brief on February 27, 2020, and Tellez filed his reply on April 17, 2020. On April 17, 2020 we advised the parties that the case was fully briefed and that we would notify "the parties of the date and time scheduled for oral argument."

> B. *Tellez Files a Motion in the Trial Court To Vacate the Restitution and Parole Revocation Fines, and We Decide* Tellez I

On April 28, 2020, while his appeal was pending, Tellez filed a motion in the trial court seeking to vacate the $5,000 restitution and parole revocation fines. Tellez sought to reduce both fines to $200 based on his inability to pay. Tellez argued that his earnings while incarcerated "range from $12.00 per month to $56.00 per month" and that, "even assuming that a prisoner could earn the rate of $34.00 per month for work performed in prison, the amount deducted for credit against his restitution fine will be only $6.00 per month." Thus, according to Tellez, "it is absolutely impossible for a prisoner to pay the fine out of his prison wages."

The trial court denied the motion the same day. The court stated: "The court has read and considered the petitioner's request to modify sentence by reducing the restitution fine to

3

two-hundred dollars. That motion is denied. Court considered all the factors in [section] 1202.4 in imposing the maximum restitution fine of $5,000. Express findings by the court as to the factors bearing on the amount of the fine were not required."[2] On June 10, 2020 Tellez filed a notice of appeal from the order denying his motion.

On August 11, 2020 we decided Tellez's appeal. (See *People v. Tellez* (Aug. 11, 2020, B295316) [nonpub. opn.] (*Tellez I*).) We agreed with Tellez that the two one-year enhancements imposed under section 667.5, subdivision (b), should be stricken. We affirmed the judgment in all other respects.

## DISCUSSION

Relying on our opinion in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Tellez argues in this appeal the trial court violated his constitutional rights by imposing $5,000 restitution and parole revocation fines without determining his ability to pay them.[3] He asks this court to reduce his restitution fines to the statutory minimum or to remand the matter for

---

[2]     The maximum restitution fine is $10,000. (§ 1202.4, subd. (b)(1).)

[3]     In *Dueñas* we held, among other things, the "execution of any restitution fine imposed under [section 1202.4, subdivision (b),] must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164; see *People v. Belloso* (2019) 42 Cal.App.5th 647, 655, review granted Mar. 11, 2020, S259755; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030-1031.)

further proceedings.  The People argue that the trial court considered Tellez's ability to pay and that the court did not violate Tellez's constitutional rights in imposing the fines.  At our request, the parties filed supplemental briefs on whether we have jurisdiction to hear this appeal or whether the appeal should be dismissed.

"As a general rule, 'an appeal from an order [or judgment] in a criminal case removes the subject matter of that order [or judgment] from the jurisdiction of the trial court.'" (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 37.)  There is, however, a limited exception for fines, fees, and assessments.  Section 1237.2 provides:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  (See *People v. Hall* (2019) 39 Cal.App.5th 502, 504 ["Section 1237.2 applies any time a defendant claims the trial court wrongfully imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court, and by

5

the terms of the statute, the trial court retains jurisdiction pending appeal to correct any error."].)

The last sentence of section 1237.2 limits the application of the jurisdictional exception in the statute to cases where the imposition of fines, fees, or assessments is "the sole issue on appeal." Thus, "if issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed, . . . the limited exception provided by section 1237.2 . . . no longer applies." (*People v. Jenkins*, *supra*, 40 Cal.App.5th at p. 38.) Tellez's prior appeal was not limited to the issue of whether the trial court erred in imposing or calculating fines and assessments. Indeed, Tellez did not raise that issue at all. Instead, he argued the trial court committed instructional and sentencing errors. Therefore, section 1237.2 did not apply, and the trial court did not have jurisdiction during the pendency of *Tellez I* to hear Tellez's motion to vacate the restitution and parole revocation fines. (See *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1144 ["[s]ection 1237.2 only applies to 'cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs *are the sole issue on appeal*'"].) And where "the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1085; see *People v. Alexander* (2016) 6 Cal.App.5th 798, 801 [dismissing an appeal under section 1237.2 where the sole issue was an alleged error in imposing a restitution fine].)

The time for Tellez to raise the *Dueñas* issue was in his prior appeal, by making the argument in his opening brief or

seeking permission to file a supplemental brief. (See *People v. Jenkins, supra,* 40 Cal.App.5th at pp. 38-39 ["the limited exception provided by section 1237.2 did not apply in this case because defendant's appeal is not limited to an error in the imposition or calculation of fines, assessments, and fees," and therefore the "defendant was required to submit that issue to this court for resolution, to be decided along with the others he raised on appeal," including, "if necessary, by requesting leave to file a supplemental brief"].) Requiring Tellez to raise the *Dueñas* issue as part of his prior appeal is consistent with the purpose of section 1237.2. "Section 1237.2 and the legislative history behind it, mandate that a defendant timely raise his penalty assessment claims to conserve judicial resources and efficiently present claims in a single forum. [Citation.] This means that a defendant must either file a motion to correct sentence with the trial court when the sole issue he or she seeks to challenge is one proscribed in section 1237.2, or file an appellate brief including this issue when a defendant seeks to challenge issues in addition to the issues proscribed in section 1237.2. Pursuing an appeal, while also pursuing a motion to correct sentence, accomplishes the opposite goal the Legislature was trying to accomplish by enacting sections 1237.1 and 1237.2." (*People v. Jordan, supra,* 21 Cal.App.5th at pp. 1142-1143.) This is particularly true where, as here, the trial court at the original sentencing hearing made a finding on Tellez's ability to pay the fines the court imposed.

## DISPOSITION

Tellez's request to submit additional briefing is denied. The appeal is dismissed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.