Filed 5/20/21  P. v. Lee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C083364 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE007428) |
| v. | |
| LESHONE LEE, | |
| Defendant and Appellant. | |

Defendant Leshone Darsell Lee attempted to scam individuals out of money by feigning they hit him with their car.  When one of his victims refused to give him money and insisted on calling the police, he displayed what appeared to be a gun and grabbed money from the victim's purse.  A jury convicted defendant of second degree robbery and misdemeanor drug possession.  The trial court sentenced him to three years in prison.

Defendant does not challenge his convictions on appeal.  Rather, his sole contention is that the court intended to impose the minimum restitution fines under Penal

1

Code sections 1202.4 and 1202.45, but mistakenly believed that that amount was $400 rather than the actual statutory minimum of $300.[1]  The People agree, and request that we modify the restitution fines on appeal rather than remand the matter to the trial court so as to preserve judicial resources.  Because we conclude defendant's appeal is not cognizable under section 1237.2, we must dismiss it.

## PROCEDURAL BACKGROUND[2]

Defendant was charged with second degree robbery (§ 211), extortion by means of force and threat (§ 520), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).  A jury found him guilty of robbery and possession of a controlled substance, but acquitted him of extortion.  On November 1, 2016, the court sentenced defendant to the midterm of three years in state prison for the robbery conviction, and a concurrent six-month term for the drug possession offense.  The court assessed various fines and fees, including a restitution fine of $400 pursuant to section 1202.4 and a matching $400 parole revocation restitution fine under section 1202.45, the latter stayed pending successful completion of parole.

Regarding the restitution fine, the court initially ordered defendant to pay a restitution fine in the amount of $900, which it called the statutory minimum.  Defense counsel then informed the court that she thought the minimum was $400.  She also asked the court to "impose the minimum fines and fees."  The court then asked the prosecutor whether she knew the statutory minimum restitution fine.  Although the prosecutor said she did not believe $900 was the minimum, she was unsure of the exact minimum amount.  Following this exchange with counsel, the court imposed a $400 restitution fine

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2]  The facts underlying defendant's offenses are not relevant to the issue on appeal.

as well as an identical $400 parole revocation restitution fine, which was stayed pending successful completion of parole.

At the time, the minimum restitution fine was $300 and not $400 as defense counsel mistakenly suggested.  (§ 1202.4, subd. (b)(1), as amended by Stats. 2015, ch. 569 (A.B. 1140), § 15, eff. Jan. 1, 2016 to June 26, 2016.)

## DISCUSSION

Defendant's sole contention on appeal is that the trial court intended to impose the minimum restitution fines under sections 1202.4 and 1202.45, but that it mistakenly believed the amount was $400 rather than the actual statutory minimum of $300.

Effective January 1, 2016, section 1237.2 provides:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  Thus, an appeal may not be taken on the ground of error in imposing fines unless the defendant first presents the claim to the trial court.  "A primary impetus for section 1237.2 was judicial economy.  As the Judicial Council—the law's sponsor—advised the Legislature, the law will reduce ' " 'the burdens associated with formal appeals and resentencing proceedings stemming from a common sentencing error. By requiring that this sentencing error first be raised in the trial court, which has ready access to the court records and other information necessary to review and resolve such issues, this proposal would promote judicial economies and efficiencies by avoiding the

3

costs and burdens associated with a formal appeal.' " [Citation]" ' (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1086.)

Neither defendant's briefing, nor the record before us indicates defendant presented a section 1237.2 claim to the trial court. Briefing began long after section 1237.2 was enacted and long after the first case construing its provisions was published. (See *People v. Alexander* (2016) 6 Cal.App.5th 798.) Because of the failure to comply with section 1237.2, we have no jurisdiction and must dismiss this appeal. (*People v. Hall* (2019) 39 Cal.App.5th 502, 504-504; *Alexander,* at pp. 800-801.)

**DISPOSITION**

The appeal is dismissed.

<br>

_____/s/_____
MURRAY, Acting P. J.

We concur:

_____/s/_____
DUARTE, J.

_____/s/_____
HOCH, J.