Filed 6/17/21  P. v. Machen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MATTHEW JOHN MACHEN,<br><br>    Defendant and Appellant. | C092827<br><br>(Super. Ct. No. STK-CR-FECOD-2020-0001455) |

Defendant Matthew John Machen pleaded no contest to unauthorized possession of drugs or alcoholic beverages in prison (Pen. Code, § 4573.8; count 4).[1]  The trial court sentenced him to the low term of one year four months in prison, and imposed various fines, fees, and assessments that defendant now challenges on appeal.

---

[1] Undesignated statutory references are to the Penal Code.

1

We conclude defendant forfeited his claim of inability to pay by failing to assert it in the trial court. Further, defendant presented no evidence of his inability to pay. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Due to the limited nature of the claim on appeal, we need not recite the facts of defendant's crimes in detail. It suffices to say that he pleaded no contest to possession of methamphetamine inside a California penal institution. At sentencing, the trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). Thereafter, defendant's counsel said, "[Defendant is] asking The Court consider either suspending his fines and fees or running them concurrent to the time he's doing, pursuant to [§] 1205(a) . . . . He's asking The Court consider running his fines and fees concurrent." The trial court responded: "I'm going to deny that at this time."

DISCUSSION

Defendant contends the trial court erred when it denied defendant's request to suspend his fines, fees, and assessments, violating his right to due process. He argues that the circumstances of having appointed counsel and being incarcerated at the time of the crime suggested that he had no assets and thus no ability to pay. The Attorney General argues only that the trial court did not abuse its discretion.

We first note that it appears section 1237.2 applies in this case and precludes defendant's claim. (§ 1237.2; *People v. Alexander* (2016) 6 Cal.App.5th 798, 801.) Section 1237.2 provides in relevant part that an appeal may not be taken from a judgment of conviction on the ground of an error in the imposition of fines, fees, and other charges unless a defendant presents the claim in the trial court at the time of sentencing or first makes a motion for correction in the trial court.

At defendant's sentencing hearing, although defendant asked the trial court to either suspend these monetary obligations or run them concurrently, he did not claim error and did not *in any way* reference his inability to pay. He cited only to section 1205, subdivision (a), which deems some fines satisfied by time in custody, but expressly excludes restitution fines. (§ 1205, subd. (a).) Nor did he make a section 1237.2 motion in the trial court. However, given the Attorney General's silence on this issue, we will assume jurisdiction in the event that defendant's limited request at sentencing could arguably be considered a claim of error.

Nor does the Attorney General argue forfeiture; this failure comes despite the fact that even assuming *some* claim of error was contained in the request to deem the fines satisfied by defendant's time in custody, the record shows no specific claim of *inability to pay* such that the sole issue presented by defendant's briefing could be deemed preserved on appeal. The trial court sentenced defendant on September 23, 2020, well after the case on which defendant bases his claim was decided. (*See People v. Dueñas* (2019) 30 Cal.App.5th 1157.) Defendant's failure to raise his ability to pay at sentencing forfeits his *Dueñas* arguments by operation of ordinary rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

Finally, even assuming defendant's claim was preserved, the trial court did not abuse its discretion when it imposed fines, fees, and assessments, as defendant presented no evidence of inability to pay. Defendant had the burden to contest his ability to pay and present evidence of his inability; he failed to do so. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) While he now argues that the trial court should have inferred his inability to pay based on the facts of his incarceration and appointed counsel, we are not persuaded. Defendant never voiced or argued these facts--or any facts--to the trial court in support of his claim of indigency; as we have explained above, he never claimed

3

indigency in the first instance.  The trial court was well within its discretion to impose the monetary obligations at issue here.

## DISPOSITION

The judgment is affirmed.


                                              /s/
                                         Duarte, J.


We concur:


     /s/
Robie, Acting P. J.


     /s/
Murray, J.

4