Filed 6/15/22  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID GUILLEN LOPEZ, <br><br> Defendant and Appellant. | F083013 <br><br> (Madera Super. Ct. No. MCR064904) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Ian P. Whitney, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Poochigian, J.

## INTRODUCTION

Appellant and defendant David Guillen Lopez pleaded guilty to one count of possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and was sentenced to six years in state prison pursuant to a negotiated disposition. On appeal, defendant contends the court improperly ordered him to pay the restitution fine and fees without determining his ability to pay in violation of his constitutional rights to due process and equal protection under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2019, a complaint was filed in the Superior Court of Madera County charging defendant with committing the following offenses on November 9, 2019: counts 1, 2, and 3, possession of a controlled substance with a firearm, respectively, a .38-caliber revolver pistol, a .22-caliber semiautomatic rifle, and a .243-caliber semiautomatic rifle (Health & Saf. Code, § 11370.1, subd. (a)); count 4, possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1));[1] count 5, carrying an unregistered loaded handgun (§ 2585, subd. (a)); count 6, possession of ammunition by a felon (§ 30305, subd. (a)(1)); count 7, transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)); count 8, possession of methamphetamine (Health & Saf. Code, § 11378); count 9, transportation of marijuana (Health & Saf. Code, § 11360); count 10, driving without a valid license (Veh. Code, § 12500, subd. (a)); and count 11, misdemeanor possession of paraphernalia for smoking a controlled substance (Health & Saf. Code, § 11364, subd. (a)); with one prior strike conviction (§ 1170.12, subds. (a)–(d), § 667, subds. (b)–(i)).

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

**Plea and Sentence**

On May 10, 2021, defendant pleaded guilty to count 1, possession of a controlled substance with a firearm, a .38-caliber revolver pistol (Health & Saf. Code, § 11370.1, subd. (a)), and admitted the prior strike conviction, for a maximum sentence of six years, and dismissal of the remaining charges in this case and in an unrelated case. The parties stipulated to the police reports for the factual basis.

On June 15, 2021, defendant moved for the court to dismiss the prior strike conviction and instead impose the upper term of four years.

On June 28, 2021, the court denied defendant's request to dismiss the prior strike conviction and imposed the midterm of three years, doubled to six years as the second strike term.

The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45).

The court also imposed a total fine of $890 (§ 672) consisting of a $200 base fine; $340 in state and local penalty assessments (§ 1464; Gov. Code, § 76000); a $40 criminal surcharge (§ 1465.7); a $100 court facilities fee (Gov. Code, § 70372, subd. (a)); the criminal conviction assessment of $30 (Gov. Code, § 70373); a court operations assessment of $40 (§ 1465.8); a $100 DNA penalty assessment (Gov. Code, §§ 706104.6 & 76104.7) and a $40 EMS fee (Gov. Code, § 76000.5). Defendant did not object to the fines and fees.

**Section 1237.2 Motion**

On July 1, 2021, defendant filed a notice of appeal.

On August 16, 2021, appellate counsel sent a letter to the trial court pursuant to section 1237.2, and requested the court stay the $300 restitution fine, the $40 court operations assessment, and the $30 criminal conviction assessment, pending the trial court's determination of defendant's ability to pay those amounts. Counsel submitted a

supporting brief and argued that defendant lacked the ability to pay, and the fines and assessments should not be imposed based on *Dueñas*.

On October 4, 2021, the trial court held a hearing to schedule an ability to pay hearing. According to the minute order, the prosecutor was present but there was no appearance by defendant or his attorney. The minute order further states the court inquired if it had "authority since [the] case is in appeals," and the court then "vacate[d the] hearing without prejudice."

## DISCUSSION

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)[2] Defendant argues that, as in *Dueñas,* the trial court in this case violated his due process rights because it imposed the $300 restitution fine, the $40 court operations assessment, and the $30 criminal conviction assessment without determining his ability to pay, the amounts must be stayed, and the matter remanded for the People prove his ability to pay.

### A.    *Section 1237.2*

We begin with section 1237.2, and defendant's argument that he complied with this statute by requesting the trial court to hear his challenge to the fines and fees, but the court declined to hear the matter. The record raises the very strong inference that the court declined to address defendant's section 1237.2 motion based on the mistaken belief that it lacked jurisdiction to hear the matter while defendant's appeal was pending.

" 'The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' "

---

[2] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

(*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472.)  "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it."  (*Ibid*.)  Section 1237.2 is an exception to the general rule that an appeal from an order or judgment in a criminal case removes the subject matter of the order or judgment from the jurisdiction of the trial court.  (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 37.)

By enacting section 1237.2, the Legislature intended to eliminate unnecessary appeals that solely challenge the erroneous imposition or calculation of fines, assessments, and fees, by mandating a procedure allowing the correction of such errors in the trial court, even when the appeal was pending.  (*People v. Jenkins, supra*, 40 Cal.App.5th at pp. 38–39.)  The defendant's failure to comply with section 1237.2 generally precludes his or her appeal from the judgment of conviction when the only issue is the imposition or calculation of fines or fees and requires dismissal of the appeal.  (*People v. Alexander* (2016) 6 Cal.App.5th 798, 801.)

In cases where the defendant complies with section 1237.2 and the trial court fails to act upon the motion, we retain the ability to consider his *Dueñas* claim since section 1237.2 merely requires that the defendant "first present[] the claim in the trial court," regardless of whether the court addresses the issue.  (See, e.g., *People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

This court requested supplemental briefing from the parties as to the trial court's erroneous belief that it lacked jurisdiction to consider his section 1237.2 motion, and its decision to vacate the scheduled hearing in the absence of defendant or his attorney. Defendant acknowledged the trial court's error but stated it would be "a needless expenditure of judicial resources to compel the trial court to restart the process from the beginning after the matter has already been briefed," and requested this court to "issue its opinion" on the fully briefed *Dueñas* issue.  The People concur this court should address the matter on the merits.

We thus turn to the merits of defendant's *Dueñas* arguments.

**B.    *Failure to Object***

We first note that *Dueñas* was decided in 2019, two years before defendant was sentenced in 2021, and he did not request a hearing or raise an ability-to-pay objection when the court imposed any of the fines and fees.

The failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims.  (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.)  Moreover, " 'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue' " (*In re Sheena K., supra*, at pp. 887–888, fn. 7).  Defendant was long on notice of the decision in *Dueñas* and, therefore, his failure to object to imposition of the court assessments and restitution fine, or request an ability-to-pay hearing, forfeits the issue.

**C.    *Dueñas***

Defendant asserts that to the extent defense counsel forfeited review by failing to object at the sentencing hearing, counsel was prejudicially ineffective.

We disagree with the holding in *Dueñas*, find the matter need not be remanded on this issue, and that any error by counsel was not prejudicial.

As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive.  (*Aviles*, at pp. 1068–1072.)  Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment.  (*Aviles*, at p. 1072.)

In any event, even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless since defendant has the ability to pay the restitution fine and

6.

two fees that he now challenges.  (*Chapman v. California* (1967) 386 U.S. 18, 24; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.]  This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.' " (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the fines and fees from probable future wages, including prison wages.  (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)  There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job.  While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during her prison sentence.  (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

## DISPOSITION

The judgment is affirmed.