Filed 8/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B292294 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA090742) |
| v. | |
| AMANDA SUE HALL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cynthia L. Ulfig, Judge. Dismissed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Defendant Amanda Sue Hall pled no contest to three counts of identity theft with a prior (Pen. Code, § 530.5, subd. (c)(2)).  (All further statutory references are to the Penal Code unless otherwise indicated.)  She was sentenced to three years eight months in county jail, and the court imposed various fees and assessments, including direct victim restitution of $3,000 (§ 1202.4, subd. (f)), a $300 restitution fine (§ 1202.4, subd. (b)), $90 criminal conviction assessment (Gov. Code, § 70373), $120 court operations assessment (§ 1465.8), and public defender fees of $508 (§ 987.8).  The court stayed "all of the fines and fees owed to the court" so that defendant could focus on paying victim restitution.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant's only contention on appeal is the fees and assessments must be reversed, and the $300 restitution fine must be stayed, pending a hearing on her ability to pay.  (She does not challenge the order to pay $3,000 in direct victim restitution.)  Defendant has made no claim of error to the trial court, either at the time of sentencing or after, as required by section 1237.2.  We find defendant's appeal is not cognizable under section 1237.2 and therefore dismiss it.

## DISCUSSION

Section 1237.2 provides:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains

2

jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Defendant contends section 1237.2 does not apply because she is claiming a violation of her constitutional rights, not a miscalculation of the fees. We are not persuaded.

First, section 1237.2 broadly applies to an error in the *imposition or* calculation of fees. The plain language of the statute "does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error." (*People v. Alexander* (2016) 6 Cal.App.5th 798, 801 [§ 1237.2 barred an appeal from the imposition of a higher than bargained for restitution fee].) Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court, and by the terms of the statute, the trial court retains jurisdiction pending appeal to correct any error.

Second, our disposition of this appeal does not implicate defendant's constitutional rights. *Dueñas* found it was a violation of due process for the trial court to impose a restitution fine without a showing of defendant's ability to pay, and remanded with directions to the trial court to stay the restitution fine unless and until the People proved defendant had the ability to pay it. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1172-1173.) In this case, the trial court has already stayed "all of the fines

3

and fees owed to the court" so that defendant might give priority to paying the direct victim restitution.  To the extent defendant seeks to make the stay of these fees and fines permanent unless and until the People prove she can pay them, defendant is entitled to request that from the trial court, and has always had that right under section 1237.2.

Accordingly, we dismiss this appeal.

## DISPOSITION

The appeal is dismissed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J,


WILEY, J.

4