Filed 11/17/20  P. v. Pedregon CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JOHN JOSEPH PEDREGON,<br><br>      Defendant and Appellant. | D076282<br><br><br>(Super. Ct. No. SCD274253) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Appeal dismissed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Robin Urbanski and Mary Katherine Strickland, Deputy Attorneys General, for Plaintiff and Respondent.


Defendant John Joseph Pedregon entered a plea agreement under which he pleaded guilty to one count of felony stalking (Pen. Code, § 646.9, subd. (a)) in exchange for dismissal of the balance of the charges against him

and a "No Opposition to Local Time" (NOLT) stipulation from the People. The trial court accepted the plea agreement, granted probation, and suspended imposition of sentence. Further, it imposed the following fines and fees: (1) a $30 criminal conviction assessment (Gov. Code, § 70373); (2) a $40 court operations assessment (Pen. Code, § 1465.8); (3) a $154 criminal justice administration fee (Gov. Code, § 29550.1); and (4) a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); and it imposed and stayed (5) a $300 probation revocation restitution fine (Pen. Code, § 1202.44).

Pedregon violated the terms and conditions of his probation and the trial court therefore revoked probation. The court sentenced Pedregon to prison for the upper term of three years and re-imposed the criminal conviction assessment, the court operations assessment, the criminal justice administration fee, the restitution fine, and the previously-suspended probation revocation restitution fine. It also imposed, but stayed, a parole/postrelease community supervision revocation restitution fine of $300 (Pen. Code, § 1202.45).

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Pedregon appeals the judgment solely on grounds that the trial court imposed the fines and fees at issue without determining he had the ability to pay them. Pedregon did not object to the fines and fees at the probation hearing, the sentencing hearing following the revocation of probation, or any time thereafter based on his alleged inability to pay.

Penal Code section 1237.2 provides that "*[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court* at the time of sentencing, or if the error is not discovered until after sentencing, the

2

defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  *This section only applies in cases where the erroneous imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal*."  (Italics added.)

As our colleagues in the Second District have noted, Penal Code "section 1237.2 broadly applies to an error in the *imposition* or calculation of fees.  The plain language of the statute 'does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error.'  [Citation.]  Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court …."  (*People v. Hall* (2019) 39 Cal.App.5th 502, 504 (*Hall*).)

Because the sole issue in this appeal concerns the imposition of fines and fees, and Pedregon did not present this issue in the trial court, Penal Code section 1237.2 compels that we dismiss the appeal.  (*Hall*, *supra*, 39 Cal.App.5th at p. 505 [applying Penal Code section 1237.2 and dismissing single-issue appeal in which the defendant alleged a *Dueñas* violation]; cf. *People v. Jenkins* (2019) 40 Cal.App.5th 30, 38 [a defendant need not seek relief in the trial court first "if issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed"].)

Pedregon contends Penal Code section 1237.2 does not apply because he purportedly raises two issues in this appeal—(1) whether the trial court erred in imposing fines and fees without determining he had the ability to pay them; and (2) whether his trial counsel rendered ineffective assistance by

failing to alert the trial court about the *Dueñas* decision. We are not persuaded, given that the arguments are nearly identical in substance. Both arguments concern an alleged "error in the imposition … of fines, penalty assessments, surcharges, fees, or costs …." (Pen. Code, § 1237.2.) Under Penal Code section 1237.2, Pedregon was required to seek relief in the trial court in the first instance before pursuing this single-issue appeal. Because he has failed to do so, we must dismiss the appeal.

DISPOSITION

The appeal is dismissed.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

IRION, J.