Filed 11/20/20  P. v. Conner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C089586 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62158369, 6216013) |
| v. | |
| DEREK MICHAEL CONNER, | |
| Defendant and Appellant. | |

Defendant Derek Michael Conner pleaded no contest in two cases to possession of a controlled substance with a firearm and receiving a stolen vehicle.  In accordance with the plea, defendant was sentenced to two years eight months.  The court also imposed the minimum fines and fees on each of the counts.  On appeal, defendant challenges only the imposition of these fines and fees, relying on *People v. Dueñas* (2019) 30 Cal.App.5th

1

1157 (*Dueñas*). We dismiss because defendant failed to satisfy Penal Code[1] section 1237.2.

## BACKGROUND

Defendant's appeal involves two cases from two separate incidences, the first occurring in March 2018 where police searched defendant and found a handgun and heroin, and the second in May 2018 where defendant was found driving a stolen vehicle. In the first case defendant was charged with two felonies, possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and carrying a loaded firearm in a prohibited place with a prior conviction (§ 25850, subd. (a)), and two misdemeanors, possession of a firearm with the serial numbers removed (§ 23920) and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). Defendant was charged with three felony counts in the second case: unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)), receiving a stolen vehicle (§ 496d, subd. (a)), and carrying a dirk or dagger (§ 21310). It was further alleged defendant committed these offenses while released on bail in the first case and two other cases. (§ 12022.1.)

In a comprehensive plea, defendant pleaded nolo contendere to possessing a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) in the first case and receiving a stolen vehicle (§ 496d, subd. (a)) in the second case. The other charges were dismissed.

Pursuant to the plea agreement, the court sentenced defendant to the lower term of two years for possession of a controlled substance with a firearm and eight months for receiving a stolen vehicle. Defendant's counsel also told the court on defendant's release he "will not have anywhere to live" and "has no financial assistance at all" so he asked "that the recommended per conviction fee be—well, not laid upon my client as well as

---

[1] Undesignated statutory references are to the Penal Code.

2

the booking fee or the incarceration fee if within the jurisdiction of the Court." The court imposed the mandatory minimum fines and fees for each case comprised of a restitution fine of $300 ($600 total) (§ 1202.4, subd. (b)), a court operations fee of $40 ($80 total) (§ 1465.8, subd. (a)(1)), and a court facilities fee of $30 ($60 total) (Gov. Code, § 70373). But the court imposed "no other fines and fees pursuant to [defense counsel's] request" and found "no ability to pay any other fines and fees given the circumstances that you have described here today." Defendant's counsel thanked the court.

## DISCUSSION

Defendant's sole argument on appeal is that the fines and fees, absent an ability to pay determination, violates due process under the state and federal Constitutions, relying on *Dueñas, supra*, 30 Cal.App.5th 1157. Further, he asserts it could not be shown that he did in fact have the ability to pay these fees. Accordingly, defendant asks this court to order the fines and fees stayed unless and until the trial court holds an ability to pay hearing and concludes he has the present ability to pay them. The People argue defendant did not show an inability to pay the nonpunitive assessments in the trial court, and he has no constitutional right to an ability to pay hearing for the restitution fine.

The record does not disclose defendant satisfied section 1237.2. This section requires a defendant appealing a "judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs" to first present "the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines." Section 1237.2 applies when the sole issue on appeal is "the erroneous imposition or calculation of fines." (§ 1237.2.)

Defendant's counsel did request a reduction of fees, but he did not challenge the mandatory minimum fees, as defendant now does as his sole challenge on appeal.

3

Defendant also did not submit his claim to the trial court after sentencing, via a motion or any other method.  Defendant's failure to present this claim to the trial court is grounds for dismissal of his appeal.  (See *People v. Hall* (2019) 39 Cal.App.5th 502, 504-505 [dismissing a defendant's *Dueñas* challenge of fines and fees for not satisfying § 1237.2]; *People v. Jenkins* (2019) 40 Cal.App.5th 30 ["the language of section 1237.2 is unambiguous regarding when a defendant is required to seek relief in the trial court in order to challenge the imposition or calculation of fines, assessments, and fees"].)

DISPOSITION

The appeal is dismissed.


_____/s/_____

BLEASE, Acting P. J.



We concur:



_____/s/_____

ROBIE, J.



_____/s/_____

MURRAY, J.