Filed 3/26/21  P. v. Devonshire CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073723 |
| v. | (Super.Ct.No. RIF1701494) |
| CHAD OWEN DEVONSHIRE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette Cavalier, and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

## PROCEDURAL HISTORY[1]

On September 8, 2017, an information charged defendant and appellant Chad Owen Devonshire with inflicting corporal injury upon a spouse resulting in a traumatic condition under Penal Code[2] section 273.5 (count 1); and spousal rape under section 262, subdivision (a)(1) (count 2).

On August 22, 2019, a jury found defendant guilty of count 1. The jury was unable to reach a verdict on count 2 and the trial court declared a mistrial as to count 2.

Thereafter, the parties agreed to a six-year term with a concurrent term on count 2 if defendant pled guilty to that charge. Pursuant to the plea agreement, defendant pled guilty to count 2, and the trial court sentenced defendant to six years in prison for count 2 with three years concurrent on count 1.

On September 18, 2019, defendant filed a timely notice of appeal.

On February 11, 2021, this court requested supplemental briefing from the parties addressing the following issue: "Should this appeal be dismissed under Penal Code 1237.2?" The parties have submitted supplemental briefing, which we have considered in deciding this case.

## DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant appeals the judgment solely on the grounds the trial court imposed the fines and fees at

---

[1] Because defendant raises a sentencing issue on appeal, a statement of facts is not included. Relevant facts will be discussed as necessary.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

issue without determining he had the ability to pay them. Defendant contends that "the imposition of a restitution fine, a stayed parole revocation fine, court operations (court security) fees, criminal conviction (court facilities) fees, and a booking fee without the court considering the actual amounts of income available to [defendant] before imposing these amounts and with no determination that [defendant] has the ability to pay violated [defendant]'s constitutional rights to due process and to be free from excessive fines."

In this case, the trial court imposed a $600 restitution fine under Penal Code section 1202.4, subdivision (b); a suspended $600 parole revocation fine under Penal Code section 1202.45, subdivision (c); an $80 court operations assessment fee under Penal Code section 1465.8, subdivision (a)(1); and a $60 criminal conviction assessment fee under Government Code section 70373. The trial court made no determination regarding defendant's ability to pay these fines and fees. Moreover, neither defendant nor his counsel objected to the imposition of these fines and fees based on his ability to pay.

Relying on *Dueñas*, *supra*, 30 Cal.App.5th 1157, defendant appeals the judgment solely on the grounds that the trial court imposed the fines and fees at issue without determining he had the ability to pay them. Defendant did not object to the fines and fees at the sentencing hearing based on his alleged inability to pay.

Section 1237.2 provides: "*An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court* at the time of sentencing, or if the error is not discovered until

3

after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  *This section only applies in cases where the erroneous imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal.*"  (Italics added.)

As our colleagues in the Second District have noted, "section 1237.2 broadly applies to an error in the *imposition* or calculation of fees.  The plain language of the statute 'does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error.'  [Citation.]  Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court."  (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

Because the sole issue in this appeal concerns the imposition of fines and fees, and defendant failed to present this issue in the trial court, section 1237.2 compels that we dismiss the appeal.  (*People v. Hall*, *supra*, 39 Cal.App.5th at p. 505 [applying section 1237.2 and dismissing single-issue appeal in which the defendant alleged a *Dueñas* violation]; cf. *People v. Jenkins* (2010) 40 Cal.App.5th 30, 38, review granted Nov. 26, 2019, S258729, review dismissed Jul. 29, 2020 [a defendant need not seek relief in the trial court first "if issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed"].)

In response to our request for additional briefing, defendant contends that section 1237.2 does not apply because he "was raising an inability to pay issue in Part A of his opening brief argument." We are not persuaded, given that the arguments are nearly identical in substance. Both arguments concern an alleged "error in the imposition . . . of fines, penalty assessments, surcharges, fees, or costs." (§ 1237.2.)

Defendant's reliance on *People v. Jenkins*, *supra*, 40 Cal.App.5th 30, is misplaced. In *Jenkins*, the court confirmed that "before an appeal may 'be taken,' a defendant must first seek relief in the trial court for any error in the imposition or calculation of fines, assessments, and fees, provided that issue is the *only* one being appealed." (*Id.* at pp. 37-38.) The court, however, went on to note that "if issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed, such as in the instant case, the limited exception provided by section 1237.2 to section 1235 no longer applies. . . . The Court of Appeal then decides *all the issues of the case, preventing piecemeal litigation in separate forums.*" (*Id.*at p. 38) The court concluded that "the limited exception provided by section 1237.2 did not apply in this case because defendant's appeal is not limited to an error in the imposition or calculation of fines, assessments, and fees." (*Id.* at p. 39.) In *Jenkins*, in addition to the issue of fines, fees and assessments, the court decided on another issue—whether the defendant qualified for diversion under section 1001.36. The court ruled: "The judgment is conditionally reversed. The matter is remanded to the trial court with directions to conduct a diversion eligibility hearing under section 1001.36." (*Jenkins*, at p. 41.) Contrary to defendant's argument, the court in *Jenkins* did not find an "inability to pay" argument to be the

5

additional issue to be determined on appeal to address the alleged error in the imposition or calculation of fines, fees, and assessments.

Therefore, under section 1237.2, defendant is required to seek relief in the trial court in the first instance before pursuing this single-issue appeal.  Because he has failed to do so, we must dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER
                                                                        J.


We concur:


RAMIREZ
                        P. J.


MENETREZ
                        J.


6