Filed 4/19/21  P. v. Sanders CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. TIFFANY SANDERS, Defendant and Appellant. | H047883 (Monterey County Super. Ct. No. 19CR010616) |

Appellant Tiffany Sanders appeals the imposition of fines and fees by the trial court in her criminal case without holding a hearing on her ability to pay them.  For the reasons set forth below, we determine that Penal Code section 1237.2[1] bars her claims and therefore dismiss the appeal.[2]

## I.  FACTS AND PROCEDURAL BACKGROUND

On October 1, 2019, Sanders shoplifted from a store and subsequently battered a store employee who confronted her by striking the employee's arms and body with her

---

[1] Unspecified statutory references are to the Penal Code.

[2] Sanders's appellate counsel has filed a petition for writ of habeas corpus (H048289).  This court ordered that the habeas corpus petition would be considered with this appeal, and we have disposed of it by separate order filed this day.  (See Cal. Rules of Court, rule 8.387(b)(2)(B).)

fists. Sanders also struck with closed fists and headbutted a store patron who had attempted to intervene. Police arrested Sanders shortly after the incident.

On October 22, 2019, the Monterey County District Attorney filed an information charging Sanders with robbery (Pen. Code, § 211) and attempted robbery (§§ 211, 664). On December 12, 2019, a jury found Sanders guilty of robbery.

The probation department's report filed prior to sentencing noted that Sanders had received a high school diploma and completed college classes in "Administration of Justice; Medical Assistant; Graphic Design and Business Entrepreneurship." Under a section related to employment history, the report states Sanders was last employed in February 2019 and had also been employed in "retail sales." The report noted that Sanders had several mental health issues and a history of substance abuse. In a separate section related to her financial capability, the report states that "[t]he defendant is employable and therefore capable of paying any fines or fees associated with the instant offense." The probation department recommended that Sanders be imprisoned as well as pay certain fines and fees.

Prior to the sentencing hearing on February 6, 2020, defense counsel submitted a sentencing memorandum with exhibits, arguing that the appropriate punishment for Sanders's offense was formal probation, rather than imprisonment. The submission included a four-page letter from Sanders to the trial court. Sanders told the trial court she was "highly educated," trained in various specialized fields, "here to focus on reactivating my positive, productive life," and had "career and education goals."

On February 6, 2020, the trial court sentenced Sanders. At the hearing, defense counsel argued that she should be placed on probation, noting that "[w]hen she's clean and sober, she's good to her kids," "takes care of everybody," and works. The prosecution agreed that probation was appropriate.

The trial court suspended imposition of sentence and placed Sanders on formal probation for four years, subject to a variety of terms and conditions, including that she

serve 180 days in the county jail.  The trial court imposed the condition that she "[s]eek and maintain gainful employment or become enrolled as a full-time student as available." In relation to that condition of seeking employment or enrolling as student, the trial court further stated, "Employment is not as important as treating - - getting the treatment you need.  Work is not as important as getting the treatment you need.  Family is not as important as getting the treatment you need.  Without seeking your treatment, without sticking to your treatment, you'll lose your family, you'll lose your friends, you'll lose your job, you'll lose your educational opportunities.  [¶]  First deal with your substance abuse treatment, your health issues.  Deal with it for the rest of your life.  If you do well, you will have your employment, you will have your education, you will have your family.  In reviewing your records, you were incredibly bright.  And you still are.  You just have to get back there.  Do you understand that?"  Sanders responded, "[y]es, sir."

Shortly following this exchange with Sanders, the trial court additionally imposed a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 probation revocation restitution fine (§ 1202.44), a $10 crime prevention fee plus penalty assessments totaling $41 (§ 1202.5), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). [3]

Sanders did not object to any of these fines, fees, or assessments or request a hearing on her ability to pay them.  Sanders filed a timely notice of appeal.

---

[3] The trial court also ordered Sanders to pay $864 for the cost of the preparation of the probation report plus $81 per month as the cost of supervised probation. Additionally, it ordered Sanders to pay "the criminal justice administrative booking fee" in accordance with her ability to pay.  In this appeal Sanders does not challenge these orders.  She requests we reverse the order that she pay the restitution fine, court operations assessment, criminal conviction assessment, and the crime prevention fine and related assessments.

At the sentencing hearing, the trial court also addressed another pending case involving Sanders, and it imposed a previously suspended $150 restitution fund fine. That case and ruling are not before us here.

## II. DISCUSSION

Sanders requests we reverse the trial court's order that she pay the restitution fine, court operations and conviction assessments, and the crime prevention fee and related assessments ("fines and fees"). Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Sanders argues that her due process rights were violated when the trial court imposed the fines and fees without determining her ability to pay those amounts. Relatedly, Sanders contends that defense counsel was ineffective for failing to request that the trial court "stay several fines and fees because the evidence showed [Sanders] had no ability to pay them." She argues the "evidence was unambiguous that [she] had no resources and no immediate hopes for employment" and that the trial court had in fact "admonished [her] *not* to seek employment." Additionally, Sanders argues the trial court erred under the excessive fines clause of the Eighth Amendment by failing to conduct a hearing on her ability to pay.

The Attorney General asserts this appeal must be dismissed because Sanders first failed to raise her claims in the trial court as required by section 1237.2 and *People v. Hall* (2019) 39 Cal.App.5th 502 (*Hall*). We agree.

The primary purpose of section 1237.2 is to "encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments and fees that would otherwise be asserted on direct appeal," and the trial court retains jurisdiction to address a section 1237.2 request during the pendency of the direct appeal from the judgment of conviction. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1087.) Section 1237.2 provides in pertinent part: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing." (§ 1237.2.) Furthermore, "This section only

applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (*Ibid.*)

In *Hall*, the defendant raised a *Dueñas* challenge on appeal, but did not challenge the court's imposition of these amounts "either at the time of sentencing or after, as required by section 1237.2." (*Hall*, *supra*, 39 Cal.App.5th at p. 504.) *Hall* rejected the defendant's argument that she did not have to comply with section 1237.2 because her *Dueñas* claim was based on a violation of constitutional rights. The court in *Hall* held section 1237.2 applied broadly to errors in the imposition and calculation of fees, stating "[s]ection 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court, and by the terms of the statute, the trial court retains jurisdiction pending appeal to correct any error." (*Hall*, at p. 504.)

Sanders appears to impliedly concede in her reply brief that section 1237.2, as interpreted in *Hall*, is fatal to her *Dueñas* claim. We accept the implicit concession. (*Hall*, *supra*, 39 Cal.App.5th at p. 504.)

Turning to Sanders's claim based on the excessive fines clause of the Eighth Amendment, Sanders asserts that this claim does not fall under the parameters of section 1237.2 because "the nature of the constitutional violation is in failing to provide a hearing, not 'in the imposition or calculation of fines.' " We are not persuaded by this asserted distinction. Sanders's claim plainly relates to the wrongful imposition of fines, because she contends the trial court wrongfully imposed certain fines and fees without first making a formal determination of her ability to pay them. By its terms, section 1237.2 makes a claim to the trial court a prerequisite to any appeal which solely involves "an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs." (§ 1237.2.) Sanders's contention under the excessive fines clause falls within this rubric.

5

Sanders did not challenge the trial court's imposition of the fines and fees either at the time of sentencing or after, as required by section 1237.2. Therefore, section 1237.2 bars our consideration of the merits of her claims on appeal.

## III. DISPOSITION

The appeal is dismissed.

_____
Danner, J.

WE CONCUR:



_____
Greenwood, P.J.




_____
Grover, J.




**H047883**
*People v. Sanders*