Filed 6/3/21  P. v. Dunlap CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WAYNE MARTIN DUNLAP,<br><br>    Defendant and Appellant. | F078528<br><br>(Super. Ct. No. CRF55433)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In January 2018, defendant Wayne Martin Dunlap was arrested in Tuolumne County after he assaulted his pregnant girlfriend while she was driving with defendant and her young daughter in the car.[1] He was charged with felony child abuse (Pen. Code, § 273a, subd. (a); count I),[2] felony assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count II), corporal injury to a cohabitant (§ 273.5, subd. (a); count III), and misdemeanor failure to obey a court order (§ 166, subd. (a)(4); count IV). The charging document also alleged two prior serious felony convictions for burglary, within the meaning of the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

Defendant was convicted by jury of all four counts, and he admitted two prior strike convictions for first degree burglary. The trial court dismissed one of the strike convictions and sentenced defendant to an aggregate term of 10 years in state prison as follows: the middle term of four years on count I, doubled to eight years based on the prior strike conviction; a consecutive one-year term on count II pursuant to section 1170.1, subdivision (a), doubled to two years; the full middle term of three years on count III, doubled to six years and stayed under section 654; and a concurrent term of 180 days on count IV. Relevant to the issue raised on appeal, the court also imposed, without objection, a restitution fine of $4,200 under section 1202.4, subdivision (b)(1), and a parole revocation restitution fine of $4,200 under section 1202.45, subdivision (a), suspended.

Relying on the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which was issued postsentencing, defendant claims

---

[1] The facts underlying defendant's crimes are not relevant to the issues raised on appeal and therefore, we do not summarize them further.

[2] All further statutory references are to the Penal Code unless otherwise noted.

imposition of the restitution fine without determining his ability to pay violated his constitutional rights and he seeks remand for an ability-to-pay hearing.**3** If we conclude his failure to object forfeits the issue, he claims he received ineffective assistance of counsel. The People argue defendant forfeited his *Dueñas* claim, defendant fails to meet his burden of demonstrating ineffective assistance of counsel, and imposition of the restitution fine was not unconstitutional.

We conclude defendant forfeited his *Dueñas* claim, his trial counsel's failure to object did not constitute ineffective assistance of counsel, and, if considered on its merits, his *Dueñas* claim fails. Therefore, we affirm the judgment.

## DISCUSSION

### I. Forfeiture

Defendant had a statutory right to object to the $4,200 restitution fine when it was imposed, based on inability to pay, but he did not do so. (§ 1202.4, subds. (c), (d).) Therefore, defendant forfeited appellate review of his claim that the trial court erred in imposing the restitution fine without first determining his ability to pay. (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033–1035; *People v. Taylor* (2019) 43

---

**3** While the appeal was pending, defendant filed a motion in the trial court as required to perfect appellate review and comply with section 1237.2, which provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (See *People v. Hall* (2019) 39 Cal.App.5th 502, 504 [§ 1237.2 applies to appeal raising *Dueñas* claim].) Citing to *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), the trial court denied the request in a letter dated June 15, 2020.

Cal.App.5th 390, 399–401; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)

## II. Counsel Not Ineffective

"'[A] defendant claiming a violation of the federal constitutional right to effective assistance of counsel must satisfy a two-pronged showing:  that counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736, quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Mickel* (2016) 2 Cal.5th 181, 198.)  To establish deficient performance, defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord, *Strickland v. Washington*, *supra*, at pp. 687–688; *People v. Mickel*, *supra*, at p. 198.)  "[W]e do not second-guess trial counsel's reasonable tactical decisions." (*People v. Lucas* (2014) 60 Cal.4th 153, 278, disapproved on another ground in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53–54, fn. 19.)  "[A] defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ""'no rational tactical purpose'"" for an action or omission." (*People v. Mickel*, *supra*, at p. 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.)

As discussed next, an ability-to-pay determination may include consideration of future wages and gifts, including wages earned in prison.  (*Aviles*, *supra*, 39 Cal.App.5th at p. 1076.)  Given defendant's 10-year prison sentence, during which he may be eligible to earn prison wages or may receive monetary gifts, he fails to meet his burden of demonstrating that counsel had """"*no* rational tactical purpose"""" for failing to object

based on ability to pay. (*People v. Mickel*, *supra*, 2 Cal.5th at p. 198, italics added.) Accordingly, we reject defendant's ineffective assistance of counsel claim.

## III. No Constitutional Violation and Any Assumed Error Harmless

Finally, even if defendant's claim had not been forfeited, it would fail on the merits. *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164, see p. 1167.) We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings. As explained in *Aviles*, we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, *supra*, at pp. 1068–1072.) Under that standard, the $4,200 restitution fine imposed in this case is not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, *supra*, at p. 1072; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058 (*Lowery*).)

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find that because defendant has the ability to pay the fine imposed in this case, any error "was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24; accord, *Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]'" (*Aviles*, *supra*, at p. 1076.)

There is nothing in the record to show that defendant would be unable to satisfy the fine imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amount imposed in this case, that circumstance does not support his inability to make payments on the amount from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.) Therefore, we affirm the trial court's order imposing the restitution fine of $4,200 under section 1202.4, subdivision (b)(1).

**DISPOSITION**

The judgment is affirmed.