Filed 6/28/21  P. v. Delgado CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074677 |
| v. | (Super.Ct.No. SWF1502109) |
| HECTOR DELGADO, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge. Dismissed.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott Taylor and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

1

On November 6, 2015, a complaint charged defendant and appellant Hector Delgado, Jr. with inflicting corporal injury resulting in a traumatic condition upon Jane Doe under Penal Code section 273.5 (count 1).

On May 5, 2016, defendant pled guilty to count 1 and admitted that the factual basis for his plea was based on the complaint.  The court sentenced defendant to three years of formal probation and ordered that defendant enroll and complete a 52-week domestic violence program.

On February 5, 2020, after numerous probation violations, the court sentenced defendant to three years in prison.  The court also imposed various fines and fees.

On February 6, 2020, defendant filed a timely notice of appeal.

On March 16, 2021, this court requested supplemental briefing from the parties addressing the following issue:  "Should this appeal be dismissed under Penal Code 1237.2?"  The parties have submitted supplemental briefing, which we have considered in deciding this case.

## DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant appeals the judgment solely on the grounds the trial court imposed the fines and fees at issue without determining he had the ability to pay them.  Defendant contends that "the trial court erred by imposing fines and fees absent a hearing regarding appellant's ability to pay which

---

[1]  Because defendant raises a sentencing issue on appeal, a statement of facts is not included.  Relevant facts will be discussed as necessary.

2

violates due process and the excess fines clause of the Eighth Amendment." (All caps. omitted.)

In this case, the trial court imposed a $300 restitution fine under Penal Code section 1202.4, subdivision (b); a suspended $300 parole revocation fine under Penal Code section 1202.45, subdivision (c); a $40 court operations assessment fee under Penal Code section 1465.8, subdivision (a)(1); and a $30 criminal conviction assessment fee under Government Code section 70373. Defense counsel requested that the court waive any fines and fees "due to the length of [defendant's] incarceration." The court replied, "I'm just imposing the minimum mandatory. It could have been higher, but I'm not imposing the booking fees, the probation costs, none of that. It's just the minimum mandatories." Defense counsel responded, "Thank you." The trial court made no determination regarding defendant's ability to pay these fines and fees.

Under Penal Code section 1237.2, "*An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court* at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. *This section only applies in cases where the erroneous imposition* or

3

calculation *of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal*." (Italics added.)

As our colleagues in the Second District have noted, "section 1237.2 broadly applies to an error in the imposition or calculation of fees. The plain language of the statute 'does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error.' [Citation.] Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court." (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

Because the sole issue in this appeal concerns the imposition of fines and fees, and defendant failed to present this issue in the trial court, Penal Code section 1237.2 compels that we dismiss the appeal. (*People v. Hall*, *supra*, 39 Cal.App.5th at p. 505 [applying section 1237.2 and dismissing single-issue appeal in which the defendant alleged a *Dueñas* violation]; cf. *People v. Jenkins* (2010) 40 Cal.App.5th 30, 38, review granted Nov. 26, 2019, S258729, review dismissed Jul. 29, 2020 [a defendant need not seek relief in the trial court first "if issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed"].)

In response to our request for additional briefing, defendant contends that Penal Code section 1237.2 does not apply because defendant "did object at the time of sentencing to the court's imposition of fines and fees." We are not persuaded. In this case, as noted above, at the conclusion of the sentencing hearing, defense counsel asked the court to "waive any fines and fees due to the length of incarceration." Defendant did

*not* raise an objection based defendant's ability to pay. In response to defendant's objection, the trial court noted that it was "just imposing the minimum mandatories." Then defense counsel responded, "Thank you." There was no discussion regarding defendant's ability to pay the fines and fees. Moreover, defendant did not file any motion to challenge the imposition of fines and fees.

Therefore, because defendant is required to seek relief in the trial court in the first instance before pursuing this single-issue appeal under Penal Code section 1237.2, defendant's appeal is dismissed.

## DISPOSITION

The appeal is dismissed, without prejudice to further appeal once defendant has appropriately addressed this issue in the trial court.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
                                                        J.

We concur:

RAMIREZ_____
                        P. J.

SLOUGH_____
                        J.

5