Filed 7/13/21  P. v. Duran CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS REGINO DURAN,<br><br>    Defendant and Appellant. | D077346<br><br><br>(Super. Ct. No. SCD280275) |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Dismissed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Carlos Regino Duran was convicted of various offenses in three separate cases, but was sentenced in a single proceeding.  His sole claim on appeal is that under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the trial court violated his constitutional rights to due process and equal

protection by imposing excessive fines, fees and assessments without first determining his ability to pay them. Alternatively, he summarily asserts that his counsel provided ineffective assistance by not objecting to the imposition of those sums of money.

The People maintain Duran forfeited the constitutional challenge by not raising it below, and the fines and assessments are not unconstitutionally excessive and did not violate due process.

Duran did not make a claim of error on *Dueñas* grounds in the trial court and it is his sole claim on appeal. Therefore, applying Penal Code section 1237.2,[1] we conclude Duran's appeal is not cognizable and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In San Diego case No. SCD280275, a jury convicted Duran of unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a); count 1); buying, receiving, concealing, selling or withholding a stolen vehicle (§ 496d; count 2); evading an officer with reckless driving (Veh. Code, § 2800.2, subd. (a); count 3); possession of burglary tools (§ 466; count 4); obtaining personal identifying information with intent to defraud (§ 530.5, subd. (c)(1); count 5); and resisting an officer (§148, subd. (a)(1); count 6). The jury found true allegations that Duran had committed counts 1 through 3 while on bail release for a felony in San Diego case No. SCE386718 (§ 12022.1, subd. (b)).

In San Diego case No. SCD282291, Duran pleaded guilty to possession for sale of narcotics (Health & Saf. Code, § 11379, subd. (a); count 1), transportation of narcotics (Health & Saf. Code, § 11378; count 2) and resisting arrest (§ 148, subd. (a)(1); count 3). He admitted allegations that he possessed 28.5 grams or more of methamphetamine (§ 1203.073, subd. (b)(2)),

---

[1] All undesignated statutory references are to the Penal Code.

that the methamphetamine was not for personal use (§ 1210, subd. (a)) and that when he committed counts 1 through 3, he was on bail release for a felony in No. SCE386718 (§ 12022.1, subd. (b)).

In No. SCE386718, Duran pleaded guilty to one count of receiving stolen property with a prior allegation involving a stolen vehicle. (§§ 496d, 666.5 subd. (a).)

The court sentenced Duran for all three cases to an aggregate term of 13 years four months. In case No. SCD280275, the court imposed six years on count 1 and one year four months on count 3, plus two years for the section 12022.1, subdivision (b) enhancement. In case No. SCD282291, the court imposed two years on count 1. In case No. SCE386718, the court imposed a term of two years on count 1. It imposed fines fees and assessments, which are challenged here.

## DISCUSSION

As stated, Duran's sole contention on appeal is a challenge under *People v. Dueñas, supra,* 30 Cal.App.5th 1157, to the trial court's imposition of restitution, fines, and assessments without first considering his ability to pay them. But Duran did not first raise this claim in the trial court.

Section 1237.2 provides that an appeal "may not be taken" unless a defendant "first presents the claim in the trial court at the time of sentencing" or made a "motion for correction" in the trial court after sentencing if the defendant seeks to challenge an "error in the imposition or calculation of fines penalty assessments, surcharges, fees, or costs . . . ." (§ 1237.2; see § 1237, subd. (a) ["An appeal may be taken by the defendant . . . [¶] . . . Except as provided in Sections 1237.1, 1237.2, and 1237.5, from a final judgment of conviction"]; see also *People v. Jenkins* (2019) 40 Cal.App.5th 30, 37 (review granted, dism. and remanded); *People v. Hall*

3

(2019) 39 Cal.App.5th 502, 504-505 [dismissing appeal]; *People v. Alexander* (2016) 6 Cal.App.5th 798, 800-801 [dismissing appeal].)

In *People v. Hall, supra,* 39 Cal.App.5th 502, the Court of Appeal observed section 1237.2 "broadly applies to an error in the *imposition* or calculation of fees. The plain language of the statute 'does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error.' [Citation.] Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court . . . ." (*Id.* at p. 504.) We agree with *Hall's* reasoning, and conclude that under section 1237.2's broad language, Duran's appeal is not cognizable. Accordingly, we dismiss the appeal.

DISPOSITION

The appeal is dismissed.

O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

4