Filed 3/29/23  P. v. Garcia CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>JOSE ANTONIO GARCIA,<br><br>        Defendant and Appellant. | A163498<br><br>(Contra Costa County<br>Super. Ct. No. 5-200457-0) |

Defendant Jose Garcia pleaded no contest to several charges and received probation.  The trial court also imposed a restitution fine and two assessments over Garcia's objection that he could not afford to pay them.  Garcia's only claim on appeal is that his constitutional rights were violated because the court imposed the monetary charges without first holding a hearing on his ability to pay them.  We conclude that Garcia failed to comply with Penal Code[1] section 1237.2, which requires a defendant to seek correction in the trial court before bringing an appeal in which "the sole issue" raised is "the erroneous imposition or calculation" of fines and fees.  Therefore, we dismiss the appeal.

_____

        [1] All further statutory references are to the Penal Code unless otherwise noted.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, Garcia was pulled over while driving a vehicle. A records check revealed that the vehicle had been reported stolen by its owner, who did not give Garcia permission to drive it. In addition, burglary tools and a small bag of methamphetamine were discovered inside the vehicle.

Garcia was charged with felony counts of driving or taking a vehicle without consent and receiving a stolen motor vehicle, as well as misdemeanor counts of possessing a controlled substance and possessing burglary tools. A prior strike was also alleged.[2] After Garcia pleaded no contest to all the charges and admitted the strike, the trial court suspended imposition of the sentence and placed him on probation for two years, with the condition that he serve 180 days in jail.

In addition, the trial court imposed a restitution fine of $300 under section 1202.4, a $40 court operations assessment under section 1465.8, and a $30 criminal conviction assessment under Government Code section 70373. Noting that he was "currently unemployed" and had "no income or cash savings," Garcia asked the court to waive or stay the monetary charges under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) based on his inability to pay them. The court declined to do so, stating, "Your request is noted. But . . . I'm going to impose the minimum restitution fine, which is 300 bucks.

---

[2] The charges were brought under Vehicle Code section 10851, subdivision (a) (driving or taking vehicle without consent), sections 496d, subdivision (a) (receiving stolen motor vehicle), and 466 (possessing burglary tools), and Health and Safety Code section 11377 (possessing a controlled substance). The prior strike was alleged under sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c), based on a 2011 conviction for criminal threats under section 422.

And, frankly, I want you to get to work. I want you to have the ability to pay. You can arrange small monthly payments through the probation department."

## II.
### DISCUSSION

Under section 1237.2, "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines . . . [or] fees . . . unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines . . . [or] fees . . . upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines . . . [or] fees . . . [is] the sole issue on appeal."

The only claim of error Garcia raises on appeal is that the trial court improperly imposed the restitution fine and assessments without holding an ability-to-pay hearing at which he could submit evidence. "[S]ection 1237.2 broadly applies to an error in the *imposition* . . . of fees" or fines, and thus "[t]he plain language of the statute 'does not limit [its] reach only to situations where the [monetary charge] simply did not apply at all or was a result of mathematical error.' " (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.) Garcia's claim that the court did not afford him sufficient process appears to allege an error in the "imposition" of fines and fees under section 1237.2.

Because the parties did not address section 1237.2 in their briefing, we gave them an opportunity to object if they believed the appeal should not be

3

dismissed under that provision.  In response, Garcia argues that he *did* present his claim to the trial court, by asking it to waive or stay the monetary charges under *Dueñas*.  Although he undoubtedly argued below that the charges should not be imposed based on his inability to pay them, he never requested a separate hearing, sought to introduce additional evidence on the issue, or otherwise suggested the court had afforded him insufficient process. Nor does he offer any reason he could not have brought the alleged procedural defects to the court's attention in the first instance.  "A primary impetus for section 1237.2 was judicial economy" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1086), and permitting Garcia to bypass a request for correction below would not serve that purpose.  Thus, we dismiss the appeal, and he may seek relief from the trial court as authorized by section 1237.2. (See *People v. Hall, supra,* 39 Cal.App.5th at p. 505.)

### III.
### DISPOSITION

The appeal is dismissed.

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Banke, J.

*People v. Garcia* A163498

5