Filed 9/12/24  P. v. Megrave CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081679 |
| v. | (Super.Ct.Nos. FVI22003430 & FVI22003207) |
| HASSIE PIP NEGUS MEGRAVE, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Rasheed Alexander, Judge.  Dismissed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Eric Tran, Deputy Attorney Generals, for Plaintiff and Respondent.

1

Defendant and appellant Hassie Megrave appeals from the trial court's order imposing a restitution fine and court assessments totaling $370. For the reasons set forth *post*, we dismiss the appeal.

## PROCEDURAL HISTORY[1]

On June 29, 2023, defendant pleaded no contest in case No. FVI22003207 to failure to register as a sex offender (Penal Code[2] § 290.012, subd. (a)), and no contest in case No. FVI22003430 to indecent exposure with a prior conviction (§ 314, subd. (1)).

On July 7, 2023, defendant filed a timely notice of appeal as to both cases.

On June 26, 2024, this court requested supplemental briefing from the parties addressing the following issue: "Should this appeal be dismissed under Penal Code section 1237.2?" The parties have submitted supplemental briefing, which we have considered in deciding this case.

## DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues, "the trial court erred by imposing a restitution fine and court funding assessments without considering appellant's ability to pay." Defendant also contends that his counsel's failure to raise a *Dueñas* objection constituted ineffective assistance of counsel. The People argue, "[Defendant] forfeited his claim as to the fine and assessments

---

[1]  Because defendant raises a sentencing issue on appeal, a statement of facts is not included. Relevant facts will be discussed as necessary.

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

2

imposed" and "[Defendant]'s ineffective assistance of counsel claim fails because he cannot establish deficient performance or prejudice; any assumed error was harmless."

In case No. FVI22003430, the trial court ordered defendant to pay a $300 restitution fine under Penal Code section 1202.4, subdivision (b)(1), a $40 court operations assessment under Penal Code section 1465.8, subdivision (a)(1), and a $30 court facilities assessment under Government Code section 70373, subdivision (a)(1). The court also imposed and stayed a $300 parole revocation fine. In case No. FVI22003207, the trial court imposed and stayed identical fines and assessments. The trial court made no determination regarding defendant's ability to pay these fines and fees. Neither defendant nor his counsel objected to the imposition of these fines and fees based on his ability to pay.

This court requested supplemental briefing from the parties addressing the following issue: "Should this appeal be dismissed under Penal Code section 1237.2?" Section 1237.2 provides: "*An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court* at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. *This section only*

3

*applies in cases where the erroneous imposition* or calculation *of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal*." (Italics added.)

As our colleagues in the Second District have noted, "section 1237.2 broadly applies to an error in the *imposition* or calculation of fees. The plain language of the statute 'does not limit [its] reach only to situations where the fee simply did not apply at all or was a result of mathematical error.' [Citation.] Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court." (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

In response to our request for additional briefing, defendant contends that section 1237.2 does not apply because his appeal "raises two 'separate and discrete question[s] of law or fact' " namely, (1) "whether the trial court erred in imposing $370 in fines and assessments without conducting an ability to pay hearing" and (2) "whether appellant's *Duenas* challenge was forfeited due to his failure to object in the trial court and whether the forfeiture should be set aside on ineffective assistance of counsel grounds." We are not persuaded. Notably, defendant's opening brief contains one sole argument heading section: "The trial court erred by imposing a restitution fine and court funding assessments without considering appellant's ability to pay." Additionally, defendant's appeal does not question whether his *Dueñas* claim has been forfeited, rather, after conceding forfeiture, defendant contends that such forfeiture should be set aside because defense counsel was ineffective for failing to raise a *Dueñas* objection in the trial court. Regardless, defendant's ineffective assistance of counsel claim is based on the erroneous

4

imposition of fines and fees, and the mere addition of an ineffective assistance of counsel claim does not alter the underlying claim itself.

Therefore, under section 1237.2, defendant is required to seek relief in the trial court in the first instance before pursuing this single-issue appeal.  Because he has failed to do so, we must dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER

J.


We concur:


RAMIREZ

P. J.


RAPHAEL

J.