Filed 8/2/21  P. v. Cordero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSE BUSTAMANTE CORDERO,<br><br>Defendant and Appellant. | F080386<br><br>(Kern Super. Ct. No. BF167659A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Joseph M. Ahart, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Jesse Bustamante Cordero entered into a negotiated disposition and was sentenced to prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[1]

On March 5, 2017, Khoshhal Ahadi reported that his 1972 orange Chevrolet C-10 pickup truck had been taken from his business on Golden State Avenue in Bakersfield, where it had been parked. Mr. Ahadi stated he locked the doors, kept the keys, and did not give anyone permission to take the vehicle. There was broken glass on the ground where the truck was parked.

Mr. Ahadi posted a notice and description about his stolen truck on Craig's List. An anonymous respondent told him to check a particular residence on Ray Street. Mr. Ahadi drove by the residence, saw his truck in the backyard, and called the police.

An officer responded to the residence and spoke to defendant's wife and stepson, who said they saw defendant drive the orange truck from the street and park it behind their family residence earlier that morning. The driver's side door window was broken, and the truck's front end was spray painted black.

Defendant had a prior conviction for unlawfully taking or driving a vehicle in 2002 (Veh. Code, § 10851).

## PROCEDURAL BACKGROUND

On April 19, 2017, an information was filed in the Superior Court of Kern County charging defendant with count 1, felony receiving a stolen vehicle (Pen. Code, § 496d,

---

[1] The following facts are from the preliminary hearing.

2.

subd. (a));[2] and count 2, unlawfully taking or driving a vehicle (Veh. Code, §§ 10851), with a prior conviction for violating Vehicle Code section 10851 (§ 666.5, subd. (a)), one prior strike conviction, and three prior prison term enhancements.

**Plea**

On March 5, 2018, the day trial was scheduled to begin, defendant pleaded no contest to both counts, admitted the prior conviction for unlawfully taking a vehicle, and admitted the prior strike conviction, for an indicated maximum sentence of four years and dismissal of the prior prison term enhancements, and that the prior strike conviction would be dismissed at the sentencing hearing.

**Sentencing hearing**

On August 29, 2019, the court remanded defendant into custody for new violations of law in two pending cases.

On October 1, 2019, the court conducted the sentencing hearing and dismissed the prior strike conviction. It sentenced defendant to upper term of four years for count 1, and stayed the term imposed for count 2.

The court ordered appellant to pay a $300 restitution fine (§ 1202.4, subd. (b)) and suspended the parole revocation fine (§ 1202.45). It ordered victim restitution in an amount to be determined (§ 1202.4, subd. (f)). It also imposed criminal conviction assessments of $60 (Gov. Code, § 70373) and court operations assessments of $80 (§ 1465.8).

On December 2, 2019, defendant filed a timely notice of appeal, and requested and received a certificate of probable cause about the circumstances of his plea.

**DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

advised he could file his own brief with this court. By letter on December 29, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## DISPOSITION

The judgment is affirmed.

---

**[3] Note to panel:** **There is no reason to send an issue letter on the fines and fees. The sentencing hearing occurred nearly one year after the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, and appellate counsel did not comply with section 1237.2, that requires defendant to "first make[] a motion for correction in the trial court" about the imposition or calculation of the restitution fine and fees, including a claim based on *Dueñas*. (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.)**